HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TU VO,

                    Plaintiff,

      v.

TRIDENT SEAFOODS
CORPORATION,

                Defendant.

CASE NO. C17-5046RBL

ORDER ON MOTION TO
DISMISS FOR IMPROPER
VENUE

[Dkt. #5]

THIS MATTER is before the Court on Defendant Trident's Motion to Dismiss for improper venue [DKT. #5]. Plaintiff Vo sued is a seaman injured on a Trident fishing vessel. He sued under the Jones Act, in this Court, because the action arose in Pierce County and Trident resides here. He claims that for purposes of the venue statute (28 U.S.C. §1391) and the local rule governing the assignment of cases to one division or the other (LCR 3(d)), venue is proper in this division of the Western District.

But Vo's contract with Trident included a provision limiting suits to a specific geographic venue—employees agreed to sue (only) in state or federal court in King County, Washington.  Trident argues that the provision is enforceable, that venue in the "Southern

1   Division" of the Western District is improper, and that the corrective is dismissal. Alternatively,

2   it seeks transfer to Seattle (the "Northern Division" of the Western District).

3       Vo argues that venue is proper in the Western District, and that because the events arose

4   in Tacoma[1], it is the proper "venue" for this action. He argues that the contractual venue

5   selection provision is not enforceable, because the Jones Act's own venue provision was deleted

6   in 2008, leaving Jones Act claims subject to FELA's general venue rule. And the FELA rule, Vo

7   claims, is that contractual provisions limiting a claimant's right to choose venue are not

8   enforceable.

9       Trident concedes that FELA has been interpreted to void both forum selection and venue

10  selection clauses in private contracts. Dkt. # 5 at 5, citing *Boyd v. Grand Trunk R.R. Co.*, 338

11  U.S. 263, 266 (1949) (claimant's right to select the forum is a substantial one). It concedes that

12  some opinions have held that FELA prohibits employers from limiting Jones Act claimants to a

13  particular court. But it claims that a provision instead specifying a geographic location, and

14  permitting the plaintiff to file in state or federal court there, is enforceable.

15      It points to the legislative history of the 2008 Jones Act amendments, confirming that

16  "the revisions were not intended to effect any substantive changes in the law."  And it relies on

17  *Utoafili v Trident Seafoods Corp.* 2009 WL 6465288 (N.D. Cal. 2009), where a District Court

18

19  _____

20      [1] It is true that in some circumstances, a case properly filed in or removed to one division
    will be nevertheless assigned to a judge in the other:

21

22          (2) In some circumstances, a judge will order that a case that would otherwise be
            considered a Tacoma case be assigned to a Seattle judge, and vice versa.

23  LCR 3(d))(2). This is not uncommon. But it does not mean that the case does not have to be filed
    in the proper division in the first instance.

24

1  declined to invalidate this same provision based on the 2008 amendments: "This Court finds no

2  basis for concluding that Congress intended for FELA's venue provisions to be read into the

3  current version of the Jones Act. The Jones Act therefore does not void the forum selection

4  clause in Plaintiff's contract with Trident." *Id*. at *5.

5      Vo responds that the *Utoafili* court engaged in logical gymnastics to reach that result,

6  ignoring canons of construction and common sense to determine that the repeal of the Jones Act

7  venue statute did not change the law. It argues that FELA's venue provision facially applies, and

8  that the cases Trident relies on (and the employment contracts at issues in them) predate the

9  amendment's effective date.

10     This Court is persuaded[2] by *Utoafili's* reasoning and analysis, concluding that the 2008

11  amendments were not intended to change the law on venue for Jones Act claims, and were not

12  intended to make FELA's prohibition applicable to Jones Act claims.

13     ////

14     ////

15     ////

16

17

18

19

20

21

22          [2] It is true that *Utoafili* did not ultimately apply the geographic venue limitation at issue
    there (and here), because requiring the plaintiff there to try a case in King County would be an
    undue hardship. But *Utoafili* is not binding authority, anyway, and the fact it did not enforce the
23  provision in that case, for some other reason, is not a reason to disregard its cogent analysis of
    the question presented here.

24

Trident's Motion to Dismiss for improper venue based on the filing in the Tacoma Division, rather than the Seattle Division, of the Western District of Washington is DENIED. In the interest of justice, Trident's alternate request for transfer to the Northern Division consistent with the parties' valid contract is GRANTED. The clerk shall re-assign this case to the Seattle Division of the Western District of Washington.

IT IS SO ORDERED.

Dated this 4th day of April, 2017.

_____
Ronald B. Leighton
United States District Judge